United States District Court
Southern District of Texas
**ENTERED**
June 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NATALLY HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-127 |
| | § | |
| COMPREHENSIVE HEALTH SERVICES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

In July 2021, Hernandez filed suit against Comprehensive Health Services in a Texas state court, alleging that CHS wrongfully terminated her employment as a Youth Care Worker in violation of the Texas Commission on Human Rights Act (TCHRA). (Original Petition, Doc. 2, 7) CHS removed this action to federal court on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1) In October, Hernandez filed her First Amended Complaint, raising a single claim of gender discrimination in violation of Title VII and no claims under the TCHRA. (Doc. 12)

In November, CHS moved to dismiss Hernandez's First Amended Complaint. (Motion, Doc. 16) In January 2022, Hernandez was granted leave to file a Second Amended Complaint, which is now the operative complaint in this case. (Order, Doc. 31) In the Second Amended Complaint, Hernandez raises two claims under the TCHRA and abandons her Title VII claim. (Doc. 32) Specifically, Hernandez alleges that: (1) CHS discriminated against her on the basis of gender; and (2) CHS unlawfully terminated her employment in retaliation for her protected activity. (*Id.* at 8–9) CHS filed a reply brief, arguing that Hernandez's Second Amended Complaint should be dismissed because the TCHRA claims were not timely filed, and in the alternative, that Hernandez fails to state a claim upon which relief can be granted as to either claim. (Reply, Doc. 33)

The Magistrate Judge recommends that the Motion to Dismiss be granted. (R&R, Doc. 34) Hernandez timely filed objections. (Doc. 41) The Court reviews the challenged portions of the Report and Recommendation *de novo* and all other portions for clear error. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Based on the allegations within the Second Amended Complaint and the applicable law, the Court agrees with the conclusion within the Report and Recommendation.

## I.

As to her retaliation claim, Hernandez in her objections generally reasserts the arguments she presented to the Magistrate Judge, and which the Report and Recommendation ably and correctly addresses.[1]

To establish a retaliation claim under the TCHRA, the plaintiff must show that: "(1) she engaged in an activity protected by the TCHRA; (2) an adverse employment action occurred; and (3) there exists a causal link between the protected activity and the adverse action." *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015). Hernandez first objects to the Magistrate Judge's finding that she did not engage in protected activity. An employee engages in protected activity when she "opposes a discriminatory practice," makes a report, or files a complaint. *Id*. To satisfy this element, the plaintiff "need only show that she had a reasonable belief that the employer engaged in unlawful employment practices." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (quotations omitted).

Hernandez argues that the Magistrate Judge incorrectly relied on cases determining that reporting consensual misconduct of other employees is not protected activity. (Objs., Doc. 41, 3) She claims that her retaliation claim differs because she alleges being "targeted" for filing a complaint against her supervisor after he made sexual advances towards her. (*Id.* at 3–4) Under

---

[1] Hernandez raises no objections to the Report and Recommendation's conclusion as to her cause of action for gender discrimination. The Court finds no clear error in the analysis of this claim.

the TCHRA, however, sexual harassment is not actionable unless the conduct is "so severe or pervasive as to alter the conditions of employment or create an abusive work environment." *San Antonio Water System*, 461 S.W. 3d at 138 (citing *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001)). Additionally, "to invoke the TCHRA's anti-retaliation protection . . . there must be some indication of gender motivation" to the harassment. *Alamo Heights Ind. Sch. Dist.*, 544 S.W. 3d 755, 787"). Hernandez has not alleged sufficient facts to support her claim. The Report and Recommendation correctly concludes that "Hernandez reported that [her supervisors] were engaging in unprofessional activity, but there was no basis to conclude from her report that they were engaging in discriminatory activity." (R&R, Doc. 34, 13)

Hernandez also challenges the Magistrate Judge's finding that she fails to allege a causal link between the protected activity and her termination. On this point, the Report and Recommendation focuses on Hernandez's report of alleged misconduct to Julissa Garza, a non-CHS employee, after the investigation that ultimately led to Hernandez's termination had begun. (Doc. 34, 13–14) Under this timeline, Hernandez's report to Garza could not have caused her termination because the investigation began before the report, and Hernandez does not allege that CHS knew she had complained to Garza. (*Id.*)

In her objections, Hernandez disagrees with the timeline in the Report and Recommendation, emphasizing that she made an "initial report about her supervisor's advances towards her [ ] in March," before the investigation into her employment history began. (Objs., Doc. 41, 5)[2] However, even if the Court accepts that Hernandez's report occurred before the investigation began, Hernandez fails to establish the requisite causal link. She acknowledges that CHS claimed to terminate her because she "[falsified] her application where she put 'none' under pending investigation." (Second Amended Compl., Doc. 32, 7) The employment termination

---

[2] When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

paperwork corroborates these grounds, showing that CHS had legitimate cause to terminate her employment.  (Doc. 16-3)  In light of this nonretaliatory reason for her termination, Hernandez has not alleged a sufficient causal nexus between her report and her termination.  As a result, she fails to state a prima facie claim for retaliation.

## II.

The Court **OVERRULES** Hernandez's objections (Doc. 41) and **ADOPTS** the Report and Recommendation.  (Doc. 34)  It is:

**ORDERED** that Defendant Comprehensive Health Services' Motion to Dismiss (Doc. 16) is **GRANTED**; and

**ORDERED** that all of Plaintiff Natally Hernandez's causes of action against Defendant Comprehensive Health Services are **DISMISSED WITH PREJUDICE**.

Signed on June 7, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge